**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-1768-SKC

**JAMIS COMPANIES, INC.,**

Plaintiff,

v.

**OWNERS INSURANCE COMPANY,**

Defendant.

---

**PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY OF J.S. HELD, LLC**

---

Plaintiff, Jamis Companies, Inc., by and through its attorneys of record, Furtado Law PC, and pursuant to D.C.Colo.LCivR 6.1 hereby submits its Motion to Preclude Testimony of J.S. Held, LLC. In support thereof, Plaintiff states as follows:

**D.C.Colo.LCivR 7.1 Conferral**

Plaintiff's counsel has conferred with counsel for Defendant regarding the relief sought in this motion. Defendant is opposed to the relief sought herein.

**I. INTRODUCTION AND SUMMARY OF THE ARGUMENT**

In this case, Plaintiff seeks damages based on unpaid insurance benefits pursuant to his commercial property insurance policy with Defendant following a May 8, 2017 hail loss. After Defendant denied the additional coverage requested by Plaintiff on his claim for the hail damages, Plaintiff filed this action for breach of contract and a statutory claim for unreasonable delay and denial of benefit payments pursuant to C.R.S. § 10-3-1115 and 1116. In its F.R.C.P. 26(a)(2) expert

disclosures, Defendant disclosed J.S. Held, LLC as a professional architect to testify as to the appropriate repair and cost of repair at the property. *See* Exhibit A, Defendant's Expert Disclosure Certificate. The JS Held report compares prior documentation disclosed in this case with its independent site investigation conducted on January 22, 2020 to opine that Defendant appropriately assessed the cost of repairs at the property. *See* Exhibit B, JS Held Report. Pursuant to the Colorado Supreme Court's decision in *Schultz v. Geico*, Colorado law does not permit an insurance company to create new evidence in discovery to support its prior claims decision. Accordingly, the JS Held opinion is inadmissible in this matter because it was developed solely in litigation to bolster Defendant's claims adjustment decisions in 2017 and 2018.

Plaintiff requests the Court strike the JS Held opinion pursuant to F.R.E. 702.

## II. LEGAL STANDARD

The admissibility of expert testimony is a question of law governed by F.R.E. 702 which provides for the following: A witness who is qualified as an expert by knowledge, skill, experience training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The decision to admit or exclude expert testimony under F.R.E. 702 is within the sound discretion of the trial court; however, the trial court must exercise its gatekeeping function to ensure that the foundational requirements for the admission of expert testimony are satisfied. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 589 (1993). The

proponent of expert testimony bears the burden of showing that the proffered testimony is admissible. *U.S. v. Nachio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

**III. ARGUMENT**

The Court should preclude the testimony of JS Held regarding its evaluation of hail damage to the Property because its assessment would not be helpful to the trier of fact given the recent change of Colorado law. Specifically, the Colorado Supreme Court recently determined that an insurer's decision to deny benefits must be evaluated based on the information the insurer had at the time it made its coverage decision. *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 849 (Colo. 2018).

In *Schultz*, the insured sued its insurer for breach of contract damages and C.R.S. § 10-3-1115 and 1116. The insurer denied liability and disputed the extent and cause of the plaintiff's claimed injuries. *Id.* at 846. In discovery, the insurance company requested an independent medical examination ("IME") to support its defenses. Ultimately, the trial court agreed with the insurer and required the insured to undergo an IME under C.R.C.P. 35 and the insured appealed under C.A.R. 21. *Id.*

In reviewing *Schultz*, the Colorado Supreme Court examined the elements of a bad faith claim in Colorado and stated that the only issue for a statutory claim is whether an insurer denied benefits without a reasonable basis. *Id.* at 848 (*citing Vaccaro v. American Family Ins. Group*, 275 P.3d 750, 756 (Colo. App. 2012)). The Court then cited the well-established principle that the reasonableness of an insurer's decision to deny or delay benefits must be evaluated based on the information that was before the insurer at the time it made the coverage decision, recognizing that decisions by Colorado, federal, and other state courts consistently reached the same conclusion. *Schultz* at 848-49; *see, e.g., Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465,

1470 (9th Cir. 1997) ('The bad faith claim required the jury to determine whether Insurer's denial of coverage was unreasonable when it occurred, not whether later developments could have vindicated the Insurer's decision."). The Court concluded that because the results of the new IME would not be pertinent to the question of what the insurer knew at the time it made its coverage decision, the defendant was not entitled to create new evidence to support its previous decision. *Schultz* at 849.

Like the *Schultz* case, the pertinent issues here involve Defendant's coverage decisions during adjustment of the claim. Accordingly, the reasonableness of its decision must be evaluated based on the information before it at the time it made the coverage decision. Defendant retained JS Held to inspect the hail damage at Plaintiff's property and prepare an evaluation of the repairs associated with the claim but the inspection occurred on January 22, 2020, well after Defendant's earlier claims decisions were made. While JS Held's report does cite to other documents previously disclosed by both parties, it analyzes the pre-existing documents in comparison with JS Held's observations during the new inspection. This new evidence created by JS Held as an expert witness is not pertinent to the issue of what Defendant knew during the claim adjustment and therefore, would not be helpful to determine whether Defendant's decisions were reasonable at that time. Because the JS Held report was created to vindicate Defendant's previous actions rather than analyze the reasonableness of those actions at the relevant times, this testimony is inadmissible under Colorado law.

## IV. CONCLUSION

The Court should strike the opinion of JS Held, LLC because it consists of new evidence that would not help the trier of fact determine the issue of whether Defendant's delay or denial of

claim payments was reasonable at the relevant times. The Court's exercise of its gatekeeping function here would prevent the introduction of expert evidence that contravenes Colorado law and would confuse issues for the jury.

Respectfully submitted this 29th of June 2020.

**FURTADO LAW PC**

*/s/ Anna R. Bloomer*
Anna R. Bloomer, Esq.
Furtado Law PC
3773 Cherry Creek North Drive, Ste. 755 Denver, CO 80209
Telephone: (303) 755-2929
E-Mail: anna@furtadolaw.com

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, a true and correct copy of the foregoing was filed and served electronically via CM/ECF to the following:

Adam Patrick O'Brien
Christopher Michael Unger
Wells Anderson & Race LLC
1700 Broadway
Suite 1020
Denver, CO 80290-1001
303-830-1212
303-830-0898 (fax)
aobrien@warllc.com
cunger@warllc.com

**FURTADO LAW PC**

*/s/ Anna R. Bloomer*
Anna R. Bloomer, Esq.